# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 3 C 8788 | **DATE** | 4/23/2004 |
| **CASE TITLE** | MLP U.S.A., Inc. vs. Golden Image Graphics | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Golden Image's motion to dismiss [8-1] for lack of personal jurisdiction is granted. This case is hereby terminated.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | APR 26 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MLP U.S.A., INC., A Delaware Corporation Plaintiff, | ) ) ) ) | **DOCKETED** APR 2 6 2004 |
| v. | ) No. 03 C 8788 ) | |
| GOLDEN IMAGE GRAPHICS, a New York Corporation, Defendant. | ) Wayne R. Andersen ) District Judge ) ) | |

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on defendant Golden Image Graphics's ("Golden Image") motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the following reasons, the motion to dismiss for lack of personal jurisdiction is granted.

## BACKGROUND

Plaintiff MLP U.S.A., Inc. ("MLP") is a Delaware Corporation with its principal place of business in Lincolnshire, Illinois. Defendant Golden Image is a New York Corporation with its principal place of business in Amityville, New York. Golden Image filed for arbitration in New York under the parties' sales agreement alleging that the printing press it purchased from MLP is defective. In the arbitration, Golden Image seeks damages and rescission. A three member panel has been selected to preside over the pending arbitration.

MLP then filed a two-count complaint against Golden Image in this Court alleging breach of contract and seeking injunctive relief. In this action, MLP alleges that it entered into a sales



agreement with Golden Image for the sale of one Mitsubishi printing press and auxiliary equipment. The complaint alleges that Golden Image has failed to make certain payments required under the Agreement. MLP claims that Golden Image is in default of the Agreement and seeks damages and immediate possession of the equipment.

Golden Image now seeks to dismiss MLP's complaint for lack of personal jurisdiction.

## DISCUSSION

When a defendant files a motion to dismiss a case for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of personal jurisdiction over the defendant. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). In assessing such a motion, the allegations in the complaint are to be taken as true unless controverted by a defendant's affidavit, and any conflicts are to be resolved in favor of plaintiff. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

This Court cannot exercise jurisdiction over a defendant if it is improper under either the United States or Illinois Constitution. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.*, 42 F. Supp. 2d 821 (N.D. Ill. 1999). Because "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002) (citation omitted), this Court will address a single due process inquiry. *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997). The United States Constitution's limitation on the exercise of personal jurisdiction over a non-resident defendant is through the due process clause of the Fourteenth Amendment. *RAR*, 107 F.3d at 1277. In order for a court to exercise personal jurisdiction over a non-resident

2

defendant, due process requires that the defendant have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.*, quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A court can acquire personal jurisdiction over a defendant through either general or specific jurisdiction.

A defendant is subject to general jurisdiction in Illinois only when it is either domiciled in Illinois, *Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 833 (N.D. Ill. 2000), or when "the defendant has continuous and systematic general business contacts with the forum." *RAR, Inc.*, 107 F.3d at 1277 (citation and internal quotations omitted). MLP has not alleged that Golden Image has any offices or employees in Illinois or that Golden Image has continuous and systematic business contacts with Illinois. Thus, there is no basis for this Court to exercise general jurisdiction over Golden Image.

Alternatively, a defendant is subject to specific jurisdiction when it has "purposefully established minimum contacts with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). In determining whether a defendant has sufficient minimum contacts with Illinois, courts should consider whether the defendant could "reasonably anticipate being hauled into court" in Illinois. *See World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297 (1980). "An out-of-state party's contract with an in-state party is alone not enough to establish the minimum contacts." *RAR, Inc.*, 107 F.3d at 1277.

The facts of this case as established in the complaint and affidavits submitted in connection with the motion to dismiss show that Golden Image was approached by a Mitsubishi salesman in New York who demonstrated the equipment in New York. Golden Image signed the

3

sales agreement in New York and had no contacts with the State of Illinois in the formation of the Agreement. The equipment was delivered to, and installed in, New York.

The Agreement contemplated that all payments from Golden Image to MLP would be sent to Illinois. The Agreement contained a provision indicating that it was to be governed by Illinois law. Moreover, the Agreement apparently became effective when the last party signed it, and it was last signed by MLP in Illinois. No services were performed in Illinois.

As mentioned above, MLP bears the burden to demonstrate that personal jurisdiction exists over Golden Image in this Court. The only facts alleged from which any reasonable inference of forum contacts could be drawn are: 1) the existence of a contract with an Illinois company; 2) the obligation to mail payments to an Illinois address; 3) an Illinois choice-of-law provision; and 4) MLP's final execution of the Agreement in Illinois.

These same four contacts were present in *Telco Leasing, Inc. v. Marshall County Hospital*, 586 F.2d 49 (7th Cir. 1978). In that case, the Seventh Circuit affirmed the district court's holding that such contacts were insufficient as a matter of law to satisfy the Due Process Clause. Following the Seventh Circuit's holding in *Telco Leasing*, we believe that MLP has failed to meet its prima facie burden of establishing jurisdiction.

MLP also attempts to establish personal jurisdiction over Golden Image by pointing out contacts Golden Image had with the State of Illinois <u>after</u> execution of the Agreement and <u>after</u> delivery of the equipment. Specifically, MLP argues that a single trip to Illinois by David Bernstein, the President of Golden Image, is enough to confer personal jurisdiction. However, Mr. Bernstein came to Illinois in an attempt to resolve issues surrounding the alleged malfunctioning of the equipment which MLP delivered. This single trip to Illinois, arising out of

4

unexpected defects in the original equipment resulted in a swap of one defective printing press for another. This action does not suffice to confer personal jurisdiction over Golden Image in Illinois for the purpose of a suit against it under the original Agreement. The parties never contemplated that Golden Image, in the course of performance under this Agreement, would have any contacts with the State of Illinois expect for mailing its payments here.

It does not comport with fair play and substantial justice to say that Golden Image has submitted to the jurisdiction of Illinois courts by virtue of post hoc communications and a single in-state trip in an effort to repair a malfunctioning machine and with the goal of settling disputes and avoiding litigation. *See Jadair, Inc. v. Walt Keeler Co.*, 679 F.2d 131, 134 (7th Cir. 1982); *Dispensa v. Aksjeselskapet Storebrand-Gruppen*, 1983 U.S. Dist. LEXIS 14737 at * 11 (N.D. Ill. Aug. 10, 1983). We find that Golden Image has had minimal, isolated, subsequent contacts with Illinois to correct defects in the equipment. To hold otherwise would subject Golden Image to suit in Illinois for making a good faith attempt to save the contract. *See, INS Int'l Corp. v. M.L. Mktg. Co.*, 1993 U.S. Dist. LEXIS 4729 at * 10-11 (N.D. Ill. Apr. 13, 1993).

In sum, we find that MLP has failed to allege sufficient facts to support a finding of personal jurisdiction over Golden Image. The facts alleged by MLP to support a finding of personal jurisdiction are precisely the same factors that were considered and rejected by the Seventh Circuit as patently insufficient for purposes of personal jurisdiction. Thus, there is no basis for this Court to exercise personal jurisdiction over Golden Image.

## CONCLUSION

For all of the foregoing reason, Golden Image's motion to dismiss for lack of personal jurisdiction is granted. This case is hereby terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: April 23, 2004

6